# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHRISTOPHER SCHOENER, | ) |
| Movant, | ) |
| v. | ) CR416-313 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Guilty-plea convicted for possession of ammunition as a felon, doc. 31 (plea agreement), Christopher Schoener was sentenced to 33 months' imprisonment, a downward variance from the applicable advisory imprisonment range of 41 - 51 months under the Sentencing Guidelines. *See* doc. 34 (sentencing memorandum); doc. 37 (judgment). He took no appeal, but now seeks to "correct" his Presentence Investigative Report labeling him a "sex offender, even though [he is] not one, nor have never been [*sic*] convicted as one." Doc. 38 at 1. He complains both that the label changed his "points" and "threat assessment," and that it "will make it difficult for me to go home to [a] halfway house." *Id.* at 1-2; *see also* doc. 34 (arguing that Schoener is facing a sentencing level increase based on a child endangerment charge

that he is actually innocent of committing, and requesting the Court depart downward from the Guidelines' recommended sentence).

The Court thus must reconstrue Schoener's letter[1] motion as a § 2255 motion to correct his sentence. He therefore requires a *Castro* warning.[2] Pursuant to *Castro*, the Court warns Schoener that it will recharacterize his motion as a § 2255 motion. If he chooses to proceed with it, he will lose his ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit. He thus has three choices: (1) have his motion ruled upon as filed, but as a § 2255 motion; (2) amend the motion to include any other claims he may have; or (3) withdraw the motion entirely. He has thirty

---

[1]  His letter is improper. *See* Fed. R. Civ. P. 7(b)(1) (requires that requests for judicial action be made "by motion."); *see also* Fed. R. Crim. P. 47(a) ("A party applying to the court for an order must do so by motion"). As this Court has repeatedly stated elsewhere, those who seek judicial action must file a motion, not send a letter to a judge's chambers. Letters can get lost, while motions get filed and thus create a public record in this, a court of record. *See In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073 (S.D. Ga. 2000). And when motions get placed on the Court's "pending motions" list, they get considered, while letters can be overlooked or forgotten.

[2]  *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Pena v. United States*, 2016 WL 6609223 at * 1 (S.D. Ga. Sept. 28, 2016).

days to decide what to do. If he does not thereafter affirm, supplement, or replace his original motion or notify this Court of his intent to withdraw it, the Court will proceed to rule on it as a § 2255 motion.

To summarize, the Court **DIRECTS** Schoener to make his *Castro* election within 30 days of service of this Order. Finally, the Clerk is **DIRECTED** to furnish Schoener with a § 2255 motion form.

**SO ORDERED,** this  5th  day of December, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA